```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ALVIN MCCANN, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 09-780 (JBS/KMW) |
| v. | |
| STATE OF NEW JERSEY & CAMDEN COUNTY PROSECUTORS OFFICE, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

    This matter is before the Court on the motion to dismiss by Defendant Camden County Prosecutor's Office (CCPO) [docket item 8] and Plaintiff's motion for default judgment [docket item 9]. THE COURT FINDS AS FOLLOWS:

    1. Pro se Plaintiff, Alvin McCann, brought this action pursuant to 42 U.S.C. § 1983 against the CCPO and the State of New Jersey. He alleges that Defendants adopted a rule regarding recusal of magistrates that would have helped him in his criminal matter, but did not apply it retroactively to him, and that this violates his constitutional rights. [Compl. at 1.]

    2. The Court sua sponte dismissed Plaintiff's complaint as to the State of New Jersey pursuant to the Eleventh Amendment of the United States Constitution, but ordered that Defendant CCPO be served with the complaint and respond within the time specified by Rule 12, Fed. R. Civ. P. [Docket Item 2.]

3. Defendant CCPO was served with the complaint on April 14, 2009. Defendant's answer or responsive motion was therefore due on May 4, 2009. See Fed. R. Civ. P. 12(a). On May 6, 2009, Defendant applied for a clerk's order to extend its time to respond pursuant to L. Civ. R. 6.1, which could not be processed because it was untimely by two days [Docket Item 6]. Nearly three months later, on August 3, 2009, Defendant moved for an extension of time [Docket Item 7].

4. While the motion for an extension of time was pending, on August 17, 2009, at 12:51 PM, Plaintiff filed a motion for default judgment [Docket Item 9]. Because Plaintiff is proceeding pro se, the Court interprets this as a motion pursuant to Rule 55 for both entry of default and default judgment. Since entry of default would have been appropriate at the time Plaintiff's motion was received, the Court will proceed as if default had been entered against Defendants, and the pending motion is one for default judgment.[1]

---

[1] Defendant's opposition to the motion for default judgment addresses the same factors to be applied when seeking to vacate an entry of default [Docket Item 12]. In light of the above, the Court will interpret it as a motion to vacate the entry of default. In construing Plaintiff's motion for default judgment as also including an application for entry of default, which is a necessary predicate under Rule 55(a), Fed. R. Civ. P., the Court is giving substance to Plaintiff's filing as if Plaintiff filed an application for entry of default as required by Rule 55(a), even though he had not done so, and as if the Clerk had granted such application for entry of default, although this did not occur either.

5.   Several hours later that day, at 5:00 PM, Defendant filed a motion to dismiss which has not been opposed. [Docket Item 8].  Defendant understands Plaintiff to be complaining about the result of a judgment of a New Jersey appellate court in his criminal matter.  Defendant argues that, among other things, Plaintiff's claim is barred by the Rooker-Feldman doctrine, which holds that a district court lacks jurisdiction over a claim arising from an injury caused by a state court judgment.

6.   On November 16, 2009, Magistrate Judge Williams granted Defendant's motion to extend time to respond. [Docket Item 13.] In her Order, Judge Williams "begrudgingly" granted a 15-day extension in the interests of furthering justice for the Defendant, despite defense counsel's failure to adequately explain the missed deadlines and significant delay.  [Id. at 3.][2] Since that time, Defendant has not made any filing.  It appears that Defendant interpreted Judge William's Order to have retroactively made Defendant's motion to dismiss (filed on August 17, 2009) timely.  To literally comply with Judge Williams' Order, defense counsel would have had to simply refile her August 17th papers on or before December 1, 2009.

7.   Despite Defendant's various failures to comply with the

---

[2] Judge Williams' Order was clear, stating in its decidual paragraph:  "Defendant is hereby granted leave to answer, move or otherwise respond to Plaintiff's Complaint within fifteen (15) days from the entry of this Order as opposed to the 45 day extension requested by Defendant."  [Docket Item 13 at 3.]

3

Court's rules in this matter, the Court must nevertheless grant Defendant's motion to vacate entry of default.  When determining whether to vacate default, the Court "must consider (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense, that is, whether the defendant's allegations, if established at trial, would constitute a complete defense to the action; and (3) whether the default was the result of the defendant's culpable conduct."  Dambach v. United States, 211 Fed. Appx. 105, 109 (3d Cir. 2006) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984)).  As the Court of Appeals has consistently emphasized, "doubts should be resolved in favor of reaching a decision on the merits."  Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984) (citation omitted).

    8.  Applying these considerations to this case, there is no suggestion that Plaintiff was prejudiced by Defendants' delay in filing a responsive pleading.  "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default [] entered at an early stage of the proceeding."  Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982).  There is, moreover, no indication that Plaintiff would risk the "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment to support a finding of

prejudice." Id.  Where, as here, entry of default occurred only hours before Defendant filed a responsive motion (albeit an admittedly untimely one), it would be very difficult to establish the requisite prejudice.

9.  The Court further concludes that Defendants' "allegations, if established at trial, would constitute a complete defense to the action." Dambach, 211 Fed. App'x at 109. Defendants have raised, among other defenses, a facially meritorious claim that this Court lacks subject matter jurisdiction over Plaintiff's claim.  If indeed the Court lacks subject matter jurisdiction, it would be without power to enter a judgment by default or otherwise.  The second Rule 55(c) factor thus weighs in Defendants' favor.

10.  It is unclear to what extent "the default was the result of the defendant's culpable conduct," Dambach, 211 Fed. App'x at 109, as opposed to the conduct of the separate Office of the New Jersey Attorney General, but since the other factors tilt heavily in Defendant's favor anyway, Plaintiff's motion for default judgment will be denied.

11.  As to Defendant's motion to dismiss, the Court will consider the motion as timely filed nunc pro tunc, but because Plaintiff may have believed until now that Defendant's motion was untimely, the Court will grant to Plaintiff a further opportunity

to respond to Defendant's motion (until February 16, 2010) before deciding it.

**January 19, 2010**    **s/ Jerome B. Simandle**
Date                    JEROME B. SIMANDLE
                        United States District Judge