```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ALVIN MCCANN, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 09-780 (JBS/KMW) |
| v. | |
| STATE OF NEW JERSEY & CAMDEN COUNTY PROSECUTORS OFFICE, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

　　This matter is before the Court on a motion to dismiss by Defendant Camden County Prosecutor's Office ("CCPO") [Docket Item 8], and a motion for default judgment filed by Plaintiff [Docket Item 16]. THE COURT FINDS AS FOLLOWS:

　　1. Pro se Plaintiff, Alvin McCann, brought this action pursuant to 42 U.S.C. § 1983 against the CCPO and the State of New Jersey. In April 2005, Plaintiff was prosecuted for crimes involving narcotics and related paraphernalia. The trial court suppressed the relevant evidence, because the underlying search warrant was signed by a magistrate who had previously served as Plaintiff's counsel. Defendants appealed that decision. State v. McCann, 919 A.2d 136 (N.J. Super. Ct. App. Div. 2007). The Appellate Division concluded that suppression was not the appropriate remedy, and adopted a new rule regarding recusal of magistrates that Plaintiff believes would have helped him in his criminal matter, but did not apply it retroactively to him. See

generally id.  Plaintiff believes that this amounts to a violation of his constitutional rights by Defendants.  [Compl. at 1.][1]

2.  Plaintiff argues that the Appellate Division decision improperly denied him his constitutional rights.  However, this Court is barred from hearing his claim under the Rooker-Feldman doctrine.  As its name suggests, the doctrine derives from the Supreme Court's opinions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483-84 (1983).  The opinions together stand for the proposition that a federal district court cannot entertain what is functionally an appeal from a state court decision because the power to hear such appeals is reserved for the United States Supreme Court.  See 28 U.S.C. § 1257 (2006) (allowing appeal from state court decisions to the United States Supreme Court).  The Supreme Court has emphasized that the "doctrine is confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."

---

[1]  The Court sua sponte dismissed Plaintiff's complaint as to the State of New Jersey pursuant to the Eleventh Amendment of the United States Constitution, but ordered that Defendant CCPO be served with the complaint and respond within the time specific by Rule 12, Fed. R. Civ. P.  [Docket Item 2.]  The CCPO is thus the only remaining Defendant.

<u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280 (2005).  Those are squarely the facts of this case, and it therefore must be dismissed.

    3.  In addition to being moot based on today's decision, Plaintiff's motion involving default judgment was also already adjudicated by this Court in its January 19, 2010 Opinion and Order.  [Docket Items 14 & 15.]  Plaintiff appears to have merely re-submitted a nearly identical motion [Docket Item 16] on the same day the Court issued its judgment.  Plaintiff's brief opposing Defendant's motion to dismiss suggests some confusion on Plaintiff's part based on the automatic entry in the electronic docket setting deadlines for his motion to be heard.  However, this automatic entry was in error, as Plaintiff's motion for default judgment had already been decided and denied on January 19, 2010.

    4.  The accompanying Order shall be entered.


**March 9, 2010**                               s/ Jerome B. Simandle
Date                                           JEROME B. SIMANDLE
                                               United States District Judge